Filed 2/26/26  Cody v. Nationstar Mortgage CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| LEON CODY, | C103574 |
| Plaintiff and Appellant, | (Super. Ct. No. 23CV053 ) |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendant and Respondent. | |

In 2008, plaintiff and appellant Leon Cody secured a mortgage loan that was serviced by defendant and respondent Nationstar Mortgage LLC (Nationstar).  Cody stopped making payments on the loan in 2012, and a Notice of Default (NOD) was recorded on the loan in 2023.  Cody sued Nationstar, alleging unfair business practices under the Rosenthal Fair Debt Collections Practices Act (Rosenthal Act), and he requested cancellation of the loan documents.  He also filed a variety of documents in the trial court including, as relevant here, a summary judgment motion and a "Petition Pursuant to the Power of Attorney Law" (Petition), both of which were denied.  The trial court granted Nationstar's motion for judgment on the pleadings, and the matter was dismissed with prejudice.

1

On appeal, Cody challenges several of the trial court's rulings including the grant of Nationstar's motion for judgment on the pleadings without leave to amend, as well as the denial of his Petition and summary judgment motion. Cody also asks this court for "clarity" on the statute of limitations for a power of sale.

Cody's contentions on appeal do not comply with required appellate procedures and are therefore forfeited. We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

Cody financed a property with a mortgage loan in March 2008. Cody signed both a deed of trust (DOT) and a note promising to timely pay the principal sum plus interest to the lender (collectively the Loan). The Loan was originally serviced by Bank of America, N.A., though it was assigned to Nationstar in 2012 via a "Corporate Assignment of Deed of Trust" (ADOT).

Cody stopped making Loan payments in March 2012. Nationstar sent Cody "formal notice" of default of the Loan (NOD), and when no payments were received, the Loan was referred for foreclosure proceedings in September 2012. The NOD was recorded in 2023.

Shortly thereafter, Cody sued Nationstar alleging unfair business practices under the Rosenthal Act. According to Cody, the NOD was "time-barred" because the statute of limitations for enforcement of the DOT had expired by the time the NOD was recorded in 2023. Cody requested cancellation of the NOD.

Cody also requested cancellation of the ADOT and claimed it was void because it was defectively signed by an "attorney in fact" for Bank of America.

Cody subsequently filed a motion for summary judgment. The trial court denied the motion because the accompanying separate statement of facts "contain[ed] legal conclusions rather than undisputed material facts for each cause of action," and the trial court struck them. In addition, the court found that it was undisputed that Cody had made

2

no payments on the Loan since 2012, and as such, had failed to comply with the tender rule.

Nationstar filed a motion for judgment on the pleadings and requested dismissal with prejudice. Nationstar claimed that Cody lacked standing to challenge the foreclosure proceedings because he had not made a valid tender of payment of the debt on the Loan. Nationstar also argued that Cody could not dispute the ADOT because (1) the claim was barred by res judicata and (2) Cody lacked standing to challenge the allegedly void ADOT before foreclosure proceedings had begun. Additionally, Nationstar argued that Cody could not make a claim under the Rosenthal Act because security interest in the Loan had not expired at the time the NOD was recorded in 2023, and, even if it had, the expiration of the statute of limitations did not extinguish Nationstar's right to exercise a power of sale. Lastly, Nationstar claimed that cancellation of the ADOT was not warranted because Cody had neither alleged facts in the complaint showing that the ADOT was invalid nor had he restored Nationstar to "everything of value" that Cody received in the Loan.

The trial court granted Nationstar's motion for judgment on the pleadings because Cody failed to state facts sufficient to constitute causes of action against Nationstar. It further determined the deficiencies could not be cured by amendment.

Following this ruling, Cody filed two requests for leave to file a first amended complaint, and he filed the Petition, which asked the trial court to determine whether, under Probate Code sections 4540 and 4541, the "power of attorney was or was not in effect on August 30, 2012 as declared by Nationstar Mortgage LLC."

After a hearing, the trial court denied Cody's requests to amend because he failed to comply with the Rules of Court and because "no amendment could cure the fatal flaws in the original Complaint." The trial court also denied the Petition because Probate Code section 4540 had "no applicability to this proceeding and action."

3

Judgment was entered and the matter dismissed in favor of Nationstar with prejudice on March 4, 2025.

Cody appeals.

## DISCUSSION

Cody challenges several of the trial court's rulings and identifies four issues on appeal. First, Cody contends that the trial court abused its discretion when it granted the motion for judgment on the pleadings without leave to amend his complaint against Nationstar. Cody argues that he should have been provided the opportunity to present "new arguments of exceptions to the 'tender rule,' " and he also concludes that amendment would cause "no harm or prejudice."

Second, Cody argues that the trial court erred in denying his Petition by ruling that Probate Code section 4540 does not apply to his claims against Nationstar "even though there is a claim, within the purported assignment, that the signer is somehow an attorney-in-fact . . . who would be required to have a documented power of attorney."

Third, Cody claims that the trial court erred in denying his motion for summary judgment because it "did not consider the exception to the 'tender rule,' " and he also contends he was prejudiced by the trial court's decision not to "address other issues raised in the Summary Judgment pleading because of the tender ruling."

Lastly, Cody asks this court to "give clarity to the issue of the ten year expiration in Civil Code [section] 882.020 of the 'power of sale' after the 2012 notice of acceleration of the discernible maturity date which changed the final date for payment to May 11, 2012."

We start by setting out certain requirements of the appellate process.

" 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate

4

practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) As a self-represented litigant, Cody "is entitled to the same but no greater consideration than other litigants." (*County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 861 (*County of Sacramento*).)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Indeed, "we may treat a point that is not supported by cogent legal argument as forfeited." (*County of Sacramento, supra,* 65 Cal.App.5th at p. 861.)

Cody's opening brief fails to satisfy his burdens on appeal. In challenging the grant of the motion for judgment on the pleadings, Cody references the denial of his summary judgment motion and claims he should have been given leave to amend so that he could "present new arguments of exceptions to the 'tender rule.' " The application of the tender rule was not part of the trial court's ruling on the motion for judgment on the pleadings, but rather, was one of several bases for the denial of the summary judgment motion. As such, Cody's point on the tender rule is irrelevant to his claim of error related to the trial court's ruling on the motion for judgment on the pleadings. In any event, Cody's contention that leave to amend would cause "no harm or prejudice" is not supported with any facts or legal argument. We therefore disregard this conclusory point and deem it forfeited. (*County of Sacramento, supra,* 65 Cal.App.5th at p. 861.)

Cody's challenge to the trial court's denial of his Petition must also fail. Cody concludes that the trial court erred in finding that the "the Power of Attorney Law (Civil Code § 2400) was not applicable" because Nationstar lacked authority to foreclose on his

property. Cody also mentions that he objected "to the claim of '*standing by merger*.' " and that the "instrument is claimed to be a false fabrication." These bare assertions provide no cogent legal argument on the alleged error by the trial court in denying the Petition. We are not bound to develop Cody's argument for him. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) The issue is therefore forfeited. (*County of Sacramento, supra,* 65 Cal.App.5th at p. 861.)

Cody's challenge to the denial of his summary judgment motion fares no better. Although he provides some legal points on the applicability of the tender rule, Cody fails to mention the trial court's decision to strike his separate statement of facts in its entirety. This failure is fatal to Cody's challenge to the denial of his summary judgment motion on appeal. Indeed, in evaluating the denial of a summary motion, "we assume the role of a trial court and apply the same rules and standards that govern a trial court's determination of a motion for summary judgment or summary adjudication." (*Romero v. Superior Court* (2001) 89 Cal.App.4th 1068, 1077.) "Under Code of Civil Procedure section 437c, subdivision (c), a motion for summary judgment shall be granted if all the papers submitted show there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. Because a ruling on a summary judgment motion involves pure questions of law, 'we are required to reassess the legal significance and effect of the papers presented by the parties in connection with the motion.' " (*Ibid.*)

The trial court struck Cody's separate statement of facts, and he does not challenge this decision on appeal. Consequently, there is no record from which we can evaluate whether there is a triable issue as to any material facts or whether Cody is entitled to judgment as a matter of law.

Finally, Cody's request for this court to "give clarity to the issue of the ten year expiration in Civil Code [section] 882.020" fails to state a cognizable claim on appeal. This request raises no identifiable error nor is it tethered to any specific ruling made by the trial court. It therefore appears there is nothing for this court to review as it relates to

6

this claim.  To the extent Cody is asking for an advisory ruling on this issue, we decline to provide one.  (*County of San Diego v. State of California* (1997) 15 Cal.4th 68, 110.)

## DISPOSITION

The judgment is affirmed.  Respondent shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278.)


_____
HULL, Acting P. J.

We concur:


_____
ROBIE, J.


_____
KRAUSE, J.